BILLY CLYDE JAMES V. STATE

No. 27,576. May 4, 1955

Robert B. Billings, Dallas, for appellant.

Henry Wade, Criminal District Attorney, Homer Montgomery, A. D. Bowie and George P. Blackburn, Assistants Criminal District Attorney, Dallas, and Leon Douglas, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for assault with intent to murder with malice; the punishment, 10 years in the penitentiary.

R. L. Van Vleet, a Dallas Taxicab Driver, was the assaulted party. He identified appellant at the trial as being the passenger who, upon being discharged at his destination, presented a pistol, asked for his money and said "this is it."

Van Vleet was out of the taxicab and had opened the doors for appellant when this occurred. He attempted to get away and was shot in the right ankle, the left leg and in the body below the waist line, as he was running away.

Appellant's confession was offered in evidence after its voluntary character had been attacked and supported in a hearing before the court. Appellant testified on this hearing in the absence of the jury but, the court having admitted the confession upon the conflicting evidence, did not testify or offer evidence before the jury to any fact which required the submission of an issue on any question relating to the confession.

While in the hospital following the shooting, appellant was brought to Van Vleet's room in order that he might identify appellant as the passenger who attempted to rob him and who shot him.

The complaint here is that the identification was irregular "there being no benefit of a line-up."

Appellant concedes that the claimed irregularities in the obtaining of the confession and in the identification of the appellant do not amount to reversible error, and we agree.

The sole basis upon which reversible error is claimed relates to the introduction in evidence of a pistol.

In his confession appellant stated that Wallace Winkle, one of his companions earlier in the night, went into his house and "got his pistol, a .32 automatic pistol, nickel plated with ivory handle, and brought it back to the car and handed it to me."

After confessing that he "threw down" on the taxicab driver and "told him to give me his loot" and shot at him after he walked away and "was trotting across the street" appellant stated in the confession that he "threw the gun under a tree in a yard at Beaumont and Akard Streets."

The .32 automatic pistol exhibited to the witnesses at the trial was secured at the Wallace Winkle house, Winkle having gone there with the officers and obtained it.

Van Vleet testified that the gun which was exhibited to him at the trial "appears to be the gun that Billy Clyde James had

in his hand that night," but could not identify it as being the very gun by identification marks or serial number.

While Officer Tucker, to whom the confession was made, was being cross-examined he testified: "Q. As far as you know, Mr. Tucker, this defendant never had this gun did he? A. Well, he told me he did. That is the only thing I know."

Appellant points out that the pistol was not shown to have been found in the place where appellant stated he had thrown it.

The record shows, however, that both appellant and Winkle were at large after the shooting.

In view of the circumstances and the evidence, the trial court did not err in admitting the pistol in evidence.

The evidence is sufficient to sustain the convcition and we find no reversible error.

The judgment is affirmed.